**FRANCARL REALTY CORPORATION, Viking Star, Inc., Viking Starship, Inc., Viking Starship, Inc., Viking Quest, Inc., Viking Good Times, Inc.,**

Paul G. Forsberg, Sr., Hank Lackner, George Shiminski, William J. Modica, Strettle F. Whitting, and William Grimm, Plaintiffs–Appellants,

v.

TOWN OF EAST HAMPTON, Defendant–Appellee.

No. 06–4737–cv.

United States Court of Appeals, Second Circuit.

Sept. 7, 2007.

Steven Barshov, Sive, Paget & Riesel, P.C., New York, NY, for Appellants.

Michael B. Gerrard, Arnold & Porter LLP, New York, NY (Laura Molinari, Town Attorney, East Hampton, NY, and Richard C. Cahn, Cahn & Cahn LLP, Melville, NY, on the brief), for Appellee.

PRESENT: THOMAS J. MESKILL, ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal from a decision denying their motion for summary judgment and granting summary judgment in favor of the Town of East Hampton, the defendant in this action. At issue is whether Local Law No. 40 of 1997 of the Town of East Hampton ("the Ferry Law") (1) violates the dormant Commerce Clause and Equal Protection Clause of the United States Constitution, and/or (2) constitutes an ultra vires exercise of East Hampton's zoning powers.

We considered an almost-identical challenge to the Ferry Law in *Town of Southold v. Town of East Hampton*, 477 F.3d 38 (2d Cir.2007). In that case, we determined that the Ferry Law did not infringe on the fundamental right to travel in violation of the Equal Protection Clause of the United States Constitution. *Id.* at 52–54. We also determined that the Ferry law was "a proper exercise" of the police power granted to East Hampton by New York Town Law §§ 130(17) and 263. *Id.* at 55. Finally, we determined that "the Ferry Law does not facially discriminate against interstate commerce ... Nor is there evidence showing that the Ferry Law was enacted for the purpose of discriminating against out-of-state interests." *Id.* at 48. We did, nevertheless, conclude that the District Court was incorrect to grant summary judgment for East Hampton on the *Southold* plaintiffs' dormant commerce clause claim. Assessing the validity of the Ferry Law under the balancing test set out by the Supreme Court in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970), we determined that genuine issues of material fact existed with respect to both the benefit and burden sides of "the *Pike* balancing equation." *Town of Southold*, 477 F.3d at 51. Accordingly, we remanded the *Southold* matter for further "discovery and ... argument by the parties." *Id.* at 52.

The issues raised by plaintiffs' appeal are directly governed by *Town of Southold*. Thus, following *Southold*, we (1) AFFIRM the judgment of the District Court as to plaintiffs' Equal Protection and zoning powers claims, (2) VACATE the judgment of the District Court as to plaintiffs' dormant Commerce Clause claim, and

(3) REMAND to the District Court for further proceedings.*

The mandate shall issue forthwith.

---

* We note from the record that these cases were both heard by Judge Sandra J. Feuerstein. We leave to Judge Feuerstein's informed discretion the extent to which these matters should be consolidated in the district court upon remand.