09-2817-cv
*Francarl Realty Corp. v. Town of E. Hampton*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand ten.

Present:     ROGER J. MINER,
             JOSÉ A. CABRANES,
             RICHARD C. WESLEY,

                    Circuit Judges.

_____

FRANCARL REALTY CORPORATION, VIKING STAR, INC., VIKING STARSHIP INC., VIKING QUEST, INC., VIKING GOOD TIMES, INC., PAUL G. FORSBERG SR., HANK LACKNER, GEORGE SHIMINSKI, WILLIAM J. MODICA, STRETTLE F. WHITING, WILLIAM GRIMM,

                    Plaintiffs-Appellants,

         -v.-                                              No.    09-2817-cv

THE TOWN OF EAST HAMPTON,

                    Defendant-Appellee.

_____

For Appellants:          RICHARD C. CAHN and Daniel K. Cahn, Cahn & Cahn, LLP, Huntington, New York, for plaintiffs-appellants.

For Appellee:            STEVEN BARSHOV, Sive, Paget & Riesel, P.C., New York,

New York, for defendant-appellee.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part. The case is REMANDED for further proceedings consistent with this summary order.

Plaintiffs-appellants Francarl Realty Corp., Paul Forsberg, Viking Starship, Inc., Viking Quest, Inc., Viking Good Times, Inc., Viking Star, Inc., Hank Lackner, and George Shiminski (collectively, the "plaintiffs") appeal from a judgment entered on June 12, 2009, in the United States District Court for the Eastern District of New York (Feuerstein, J.).  The plaintiffs principally sought declaratory and injunctive relief from laws regulating ferry service in the Town of East Hampton (the "Town"), defendant-appellee in this action.  On remand,[1] and following a bench trial, the District Court dismissed the plaintiffs' complaint upon concluding that the Town's ferry regulations did not violate the Commerce Clause of the United States Constitution under the balancing test set forth in Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970).  Specifically, the District Court found that (1) the Town's regulation banning "fast" and "vehicle" ferries (the "Fast Ferry Ban" and "Vehicle Ferry Ban," respectively) did not place any incidental burden on interstate commerce; (2) the Fast and Vehicle Ferry Bans were responsive to the local problem of traffic congestion; and (3) a stipulation of settlement entered in a separate action did not exempt the plaintiffs from the Fast and Vehicle Ferry Bans.  We assume the

---

[1] We previously remanded the plaintiffs' case for a determination on whether the Town's regulation banning "fast" and "vehicle" ferries violated the Commerce Clause of the United States Constitution under the balancing test set forth in Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970). See Francarl Realty Corp. v. Town of E. Hampton, 239 F. App'x 695, 695 (2d Cir. 2007).

parties' familiarity with the remaining factual and procedural history of the case.

We review the district court's factual findings for clear error and its legal determinations de novo. See Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 168 (2d Cir. 2001).

On the record before us, we conclude that the District Court erred in its determination that the Fast and Vehicle Ferry Bans effected no incidental burden on interstate commerce. The Bans shift the burden of traffic from local drivers onto interstate travelers because local drivers benefit from reduced traffic volume on the local roads while interstate travelers are denied the most direct route to the Town. To the extent the court rejected the plaintiffs' evidence that the Bans reduced interstate travel to the Town, such a finding was clearly inconsistent with the court's later determination that the Bans were effective in mitigating traffic congestion by reducing interstate travel to the Town.

We think that further support is required for the District Court's determination that the Fast Ferry Ban "fulfills its putative purpose of preventing further degradation of levels of service on Town roads." Francarl Realty Corp. v. Town of E. Hampton, 628 F. Supp. 2d 329, 353 (E.D.N.Y. 2009). Although the District Court reasonably relied on the evidence that "faster travel time would . . . increase demand for the [plaintiffs' ferry] service," this evidence alone is inadequate to establish the link between the Fast Ferry Ban and the putative benefit of mitigating traffic congestion for two reasons: (1) there is substantial evidence in the record that the plaintiffs' transportation of 1,342 passengers per day — a number stipulated to by the Town in another context as the plaintiffs' ferry passenger capacity — would not cause an additional traffic burden on the Town; and (2) it is undisputed that the plaintiffs intend to transport no more than 1,342 passengers a day even if they were permitted to institute a fast-ferry service. Thus, the Fast

3

Ferry Ban, which applies to the plaintiffs — the only ferry service in the Town — may be of no benefit in mitigating traffic congestion. We therefore remand this case to the District Court to determine (1) whether, taking into account the stipulated limited passenger capacity, the Fast Ferry Ban serves to avoid additional traffic congestion; (2) whether, in view of the limitation on passengers already imposed on the plaintiffs, there are any other putative local benefits to be derived from the Fast Ferry Ban; and (3) whether, if there be any putative local benefits attributable to the Fast Ferry Ban, the incidental burden on interstate commerce clearly exceeds those benefits under the Pike balancing test. The District Court may take additional evidence or proceed in any way that it sees fit to resolve these questions. Following the District Court's determinations, this case should be restored to this panel pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).

Finally, we agree with the District Court's determination that "vehicle" ferries would cause additional traffic congestion and, therefore, that the incidental burden on interstate commerce does not clearly exceed the putative local benefits of the Vehicle Ferry Ban.

The judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O' Hagan Wolfe, Clerk

4