09-2817-cv
*Francarl Realty Corp. v. Town of E. Hampton*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

Present:     ROGER J. MINER,
             JOSÉ A. CABRANES,
             RICHARD C. WESLEY,

*Circuit Judges.*
_____

FRANCARL REALTY CORPORATION, VIKING STAR, INC., VIKING STARSHIP INC., VIKING QUEST, INC., VIKING GOOD TIMES, INC., PAUL G. FORSBERG SR., HANK LACKNER, GEORGE SHIMINSKI, WILLIAM J. MODICA, STRETTLE F. WHITTING, WILLIAM GRIMM,

*Plaintiffs-Appellants*,

-v.-                                        No.     09-2817-cv

THE TOWN OF EAST HAMPTON,

*Defendant-Appellee.*
_____

For Appellants:          STEVEN BARSHOV, Sive, Paget & Riesel, P.C., New York, New York, *for plaintiffs-appellants*.

For Appellee:            RICHARD C. CAHN and Daniel K. Cahn, Cahn & Cahn, LLP, Huntington, New York, *for defendant-appellee*.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

This appeal returns to us following remand to the United States District Court for the Eastern District of New York (Feuerstein, *J.*) for further proceedings. The appeal is from a judgment entered on June 12, 2009, in favor of defendant-appellee Town of East Hampton (the "Town"). In the action the plaintiffs sought declaratory and injunctive relief from regulations adopted by the Town banning high-speed passenger ferry service (the "Fast Ferry Ban") and vehicle ferry service (the "Vehicle Ferry Ban") from the Town. The plaintiffs contend that the Town's regulations violate the Commerce Clause of the United States Constitution. U.S. CONST. art 1, § 8, cl.3. Familiarity with the underlying facts and all prior proceedings is presumed.

In a Summary Order filed May 3, 2010, *Francarl Realty Corp. v. Town of East Hampton*, 375 F. App'x 145 (2d Cir. May 3, 2010), we examined the Town's ferry regulations for Commerce Clause violations under the following balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970): "Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." 397 U.S. at 142. We concluded, in agreement with the District Court, "that 'vehicle' ferries would cause additional traffic congestion and, therefore, that the incidental burden on interstate commerce does not clearly exceed the putative local benefits of the Vehicle Ferry Ban." *Francarl Realty Corp.*, 375 F. App'x at 147.

With respect to the ban on a high-speed passenger ferry service, however, we determined that the District Court erred in concluding that the Fast Ferry Ban did not impose an incidental

2

burden on interstate commerce. *Id.* at 146–47. Moreover, it seemed to us that further support was required for the District Court's finding that the putative local benefit of deterring further degradation of service levels on town roads was fulfilled by the Fast Ferry Ban. *Id.* at 147. We observed that the ban may have been of no benefit in mitigating traffic congestion because a stipulation by the Town in another context restricted plaintiffs' present ferry service to 1,342 passengers per day, and a fast ferry service could not exceed that number in any event. *Id.*

Accordingly, we remanded the case to the District Court

> to determine (1) whether, taking into account the stipulated limited passenger capacity, the Fast Ferry Ban serves to avoid additional traffic congestion; (2) whether, in view of the limitation on passengers already imposed on the plaintiffs, there are any other putative local benefits to be derived from the Fast Ferry Ban; and (3) whether, if there be any local putative benefits attributable to the Fast Ferry Ban, the incidental burden on interstate commerce clearly exceeds those benefits under the *Pike* balancing test.

*Id.*

Responding to our order on remand, the District Court found that, even with a limited passenger capacity of 1,342 passengers per day, the Fast Ferry Ban serves to stabilize the level of service on Town roads. *Francarl Realty Corp. v. The Town of East Hampton*, No. 05-CV-1792 (SJF)(WDW), 2010 WL 3780203, at *5 (E.D.N.Y. Sept. 17, 2010). This is so because a Fast Ferry making more trips per day would cause vehicles to arrive at, and depart from, the port more frequently. *Id.* Traffic would then be generated at more times per day under this scenario. *Id.* The more frequent occasions of traffic congestion throughout the day would result in increased emissions as a consequence of lowering the average speed of vehicles; generate more vehicle noise through acceleration and deceleration in traffic; and cause delay in the passage of emergency service and delivery vehicles. *Id.* As the District Court put it, "the Fast Ferry Ban

3

not only benefits the Town by preventing an increase in traffic congestion, but it also benefits the Town by decreasing the occurrence of nuisances and safety hazards generally attributable to increased traffic." *Id.*

Further examining the putative local benefits of the Fast Ferry Ban, the District Court noted that fast ferries would allow the Town to be more easily accessible as a vacation destination, giving rise to potential increases in pedestrians and bicyclists with consequent concerns for the safety of such users of the highways. *Id.* at *6.

In view of the foregoing findings by the District Court, we have no difficulty in determining that the incidental burden on interstate commerce that we previously have identified does not clearly exceed the putative local benefits of the Fast Ferry Ban.

Accordingly, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:

Catherine O' Hagan Wolfe, Clerk